IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY EVANS,

                        Plaintiff,                  Case No. 3:10 CV 2408

     -vs-

                                               MEMORANDUM OPINION

ERNIE L. MOORE,

                        Defendant.

KATZ, J.

This petition for a Writ of Habeas Corpus is currently before the Court on Petitioner Timothy Evans' objection to Magistrate Judge James R. Knepp, II's Report and Recommendation ("R&R"). Pursuant to Local Rule 72.2(b)(2), the Magistrate recommended that this Court deny the Petition. (Doc. 7). Petitioner objected to the R&R claiming violation of his *Fourteenth Amendment* due process rights. (Doc. 8). In accordance with 28 U.S.C. § 636(b)(1)(B)-(C) (2012), *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), this Court reviews the Magistrate's R&R *de novo*. For the reasons stated herein, the Court adopts the R&R in full.

**I. Procedural Background**

The Court hereby adopts the Magistrate Judge's description of the factual and procedural background as described in the R&R as follows:

*State Court Proceedings*

In 2006, Petitioner was indicted by a Cuyahoga County Grand Jury on one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01. Petitioner entered a plea of not guilty, waived a jury trial and the case proceeded to a trial before the court. (Ex. 1, Doc. 5-2, at 1).

On August 29, 2006, the court found Petitioner guilty of one count of robbery, in violation of 2911.02(A)(2). (Ex. 4, Doc. 5-2, at 4). The trial court sentenced Petitioner on October 23, 2006, to two years incarceration. (Ex. 5, Doc. 5-2, at 5).

On November 22, 2006, Petitioner, with the assistance of counsel, filed a notice of appeal. (Ex. 6, Doc. 5-2, at 6). Petitioner raised the following assignment of error:

> By finding Mr. Evans guilty of a crime for which he had not been indicted and which was not a lesser included offense of the crime charged in the indictment, the trial court denied Mr. Evans his right to be indicted by a grand jury.

(Ex. 7, Doc. 5-2, at 23).

The state did not file a brief in opposition. On January 17, 2008, the Eighth District Court of Appeals, applying the test for lesser-included offenses set forth in *State v. Deem*, 40 Ohio St. 3d 205, 533 N.E.2d 294 (1988), determined robbery is not a lesser include offense of aggravated robbery, because robbery includes an element that aggravated robbery does not – inflicting, attempting to inflict, or threatening to inflict physical harm – and this element was not presented to the grand jury. The court therefore reversed the judgment of the trial court and remanded the case back to the trial court to vacate Petitioner's conviction. *Ohio v. Evans*, 2008 WL 152121 (Ex. 8, Doc. 5-2, at 39-46).

On February 15, 2008, the state filed a notice of appeal with the Ohio Supreme Court. (Ex.9, Doc. 5-2, at 52-54). In its memorandum in support of jurisdiction, the state raised the following proposition of law:

> Because an offense should be considered a lesser-included offense after analyzing the facts and circumstances of each case, rather than from simply analyzing the statutory elements in a vacuum, robbery under R.C. 2911.02(A)(2) may be considered a lesser included offense of aggravated robbery under R.C. 2911.01(A)(1).

(Ex. 10, Doc. 5-2, at 73).

The Ohio Supreme Court accepted the appeal. On July 7, 2009, the Ohio Supreme Court reversed the judgment of the state appellate court and reinstated the conviction. *Ohio v. Evans*, 122 Ohio St. 3d 381 (2009) (Ex. 14, Doc. 5-2, at 151). Petitioner, through counsel, filed a motion for reconsideration with the Ohio Supreme Court (Ex. 15, Doc. 5-2, at 144-50), which was denied (Ex.16, Doc. 5-2, at 151).

*Federal Habeas Corpus*

>On October 22, 2010, Petitioner, through counsel, filed the pending Petition, asserting a single ground:
>
>>Petitioner was denied due process of law under the Fourteenth Amendment to the United States Constitution when the Ohio Supreme Court retroactively applied a new test for lesser-included offenses.
>
>(Doc. 1, at 5).

(R&R pp. 2-3).

The matter was referred to the Magistrate, who recommended that the Petition be denied.

**II. Standard of Review**

The Antiterrorism and Effective Death Penalty Act provides that a Writ of Habeas Corpus should not be granted for any claim adjudicated on its merits in State court absent one of two circumstances. First, a court may grant a Writ of Habeas Corpus if the state adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Alternatively, a court may grant the writ if the State adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings." *Id.* at (d)(2).

A state court's holding is "contrary to" clearly established federal law when it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (citing *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). The unreasonableness of the application of federal law is determined from an objective standard as a

Writ of Habeas Corpus should not be granted merely because the "state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 365.

Alternatively, a state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

**III. Discussion**

Petitioner asserts that the Ohio Supreme Court denied him *Fourteenth Amendment* due process by retroactively applying a new test for lesser included offenses when reinstating his conviction for robbery under OHIO REV. CODE ANN. § 2911.02(A)(2). (Doc. 1-1, at. 4). The Magistrate recommended that this Court deny the Petition, accepting the Ohio Supreme Court's reasoning that the new articulation of Ohio's lesser included offense test clarified, but did not change, the test. *See Ohio v. Evans*, 911 N.E.2d 889 (Ohio 2009) (removing "ever" from the second prong of Ohio's lesser included offense test). Moreover, the Magistrate found that even if the Ohio Supreme Court did change the law, Petitioner's due process rights were not violated because Petitioner had fair warning that his actions were proscribed under Ohio law. Petitioner objects, reasserting the argument that the Ohio Supreme Court's *Evans* decision changed the lesser included offense test, that it was retroactively applied to Petitioner's case, and that Petitioner did not have notice to defend against a robbery charge.

Petitioner's objections are not persuasive, and the Court adopts the Magistrate's R&R. Under Ohio law, "when the indictment or information charges an offense . . . or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree

4

charged but guilty of [a] . . . lesser included offense." OHIO REV. CODE ANN. § 2945.74. In *Ohio v. Deem*, the Ohio Supreme Court established the test to determine whether a crime is a lesser-included offense. The test provides:

> An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.

533 N.E.2d at 298.

In the instant matter, the focus of the Ohio Supreme Court's analysis–and the focus of Petitioner's objection–is the second prong. The Ohio Supreme Court explained its second prong analysis as follows:

> The second step of the *Deem* test requires a court to examine the statutory elements of the two offenses. Here, we consider whether aggravated robbery as defined in R.C. 2911.0l(A)(I) can ever be committed without also committing robbery as defined in R.C. 2911.02(A)(2).
>
> R.C. 2911.01(A)(1) defines one way to commit the crime of aggravated robbery:
>
> "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
>
> R.C. 2911.02(A)(2) defines one way to commit the crime of robbery:
>
> "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the·attempt or offense, shall do any of the following:
>
> * * *
>
> "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

> Thus, in determining whether robbery is a lesser included offense of aggravated robbery, we are called on to consider whether displaying, brandishing, indicating possession, or using a deadly weapon in the attempted commission of a theft offense is also a threat to inflict physical harm as defined in R.C. 2911.02(A)(2). While these elements are not identically phrased, we have recognized: "This test is not a word game to be performed by rote by matching the words chosen by the legislature to define criminal offenses. Some offenses, such as aggravated murder and murder, lend themselves to such a simple matching test; others do not. * * * We would also note that the elements of the offenses are 'matched' only in part (iii) of the test to determine if 'some element' of the greater offense is not found in the lesser offense. The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them." *State v. Thomas*, 40 Ohio St.3d 213 at 216-217, 533 N.E.2d 286. Thus, the test does not require identical language to define the two offenses, but focuses upon whether the words used in the statute defining the greater offense will put the offender on notice that an indictment for that offense could also result in the prosecution of the lesser included offense.
>
> ***
>
> [T]o establish aggravated robbery, the state carries the burden to prove that Evans had a deadly weapon and indicated his possession of it; and to establish robbery, the state must prove a threat to inflict physical harm on the victim. Indicating possession of a deadly weapon constitutes an implied threat to inflict physical harm because it intimidates a victim and is designed to compel relinquishment of property without consent. Therefore, an element-to-element comparison reveals an equivalence between indicating possession of a deadly weapon in order to compel compliance with a demand for property and an implied threat to inflict physical harm. Thus, aggravated robbery as statutorily defined in this case cannot be committed without also committing the offense of robbery. Accordingly, robbery as defined in R.C.2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in R.C. 29111.01(A)(l).

*Evans*, 911 N.E.2d at 893-94, 895.

The Ohio Supreme Court rejected Petitioner's reliance on the word "ever" to postulate an implausible scenario that could conceivably circumvent the second prong of *Deem*. Moreover, the Ohio Supreme Court modified *Deem* by removing the word "ever" so as to prevent any further mistaken beliefs that such implausible scenarios circumvent the test:

> Despite making the statement to Stewart "I have a gun" as he tried to take her purse, [Petitioner] now argues that a person can indicate possession of a deadly weapon without implying a threat to inflict physical harm for example, by purchasing a

6

> hunting knife in a hardware or sporting goods store as he simultaneously shoplifts a bag of nails by placing them in his pocket. This argument is not well taken. In *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N .E.2d 154, ¶ 24, we rejected similarly implausible examples advanced in the context of an allied offense analysis, stating that they "lapse into the strict textual comparison" that this court has previously rejected. **Having previously rejected such strict textual comparison in the context of the *Dee*m lesser included offense analysis, emphasizing that a court should focus "on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them," we now reject the implausible scenario advanced by Evans in this case**. *Thomas*, 40 Ohio St.3d at 217, 533 N.E.2d 286.
>
> Moreover, to ensure that such implausible scenarios will not derail a proper lesser included offense analysis, we further clarify the second part of the *Deem* test to delete the word "ever." **This clarification does not modify the Deem test, but rather eliminates the implausible scenarios advanced by parties to suggest the remote possibility that one offense could conceivably be committed without the other also being committed**. Deem requires a comparison of the elements of the respective offenses in the abstract to determine whether one element is the functional equivalent of the other. If so, and if the other parts of the test are met, one offense is a lesser included offense of the other.

*Id.* at 894-95 (emphasis added).

Thus, Petitioner's argument that the Ohio Supreme Court retroactively applied new law to his case is not persuasive. As explained by the court, and as further articulated by the Magistrate, the focus of *Deem* is on "'the nature and circumstances of the offenses as defined, rather than on the precise words used to define them.'" *Id*. at 895 (citing *Thomas*, 533 N.E.2d at 291). As such, *Deem never* allowed a defendant to escape conviction for a lesser included offense by offering implausible scenarios such as those offered by Petitioner. To the extent courts or criminal defendants mistakenly engaged in strict textual comparisons or relied on the word "ever" to contrive such scenarios, the Ohio Supreme Court clarified *Deem* by removing the word "ever" from the second prong. This action reasserted the test's ever-present purpose and effect, it did not articulate a new law.

7

Even if this Court were to find that the Ohio Supreme Court did retroactively apply a substantively new test to Petitioner's charge, such a retroactive application would only offend due process and the principle of fair warning "only where it is 'unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue.'" *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001) (citing *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). The Ohio Supreme Court considered this precise issue in its decision:

> We also reject Evans's contention that our application of this holding to his case will deprive him of a constitutional right to due process. The United States Supreme Court has held that a judicial alteration of criminal law violates the principle of fair warning and must not be given retroactive effect only when it is "'unexpected and indefensible' by reference to the law which had been expressed prior to the conduct in issue." *Rogers v. Tennessee* (2001), 532 U.S. 451, 462, 121 S.Ct. 1693, 149 L.Ed.2d 697, quoting Hall, General Principles of Criminal Law (2d Ed.1960), 61.
>
> Despite this assertion by Evans, our decision in *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790, holding that robbery was not a lesser included offense of aggravated robbery under an earlier version of R.C. 2911.01(A)(l), does not render our holding today either unexpected or indefensible by reference to law expressed prior to the commission of Evans's offense. *Merriweather* involved a different statute that required the state to prove only that the offender had a deadly weapon or dangerous ordnance on or about his person or under his control while attempting or committing a theft offense. 1972 Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1922. In contrast, the current version requires the state to prove that the offender possessed a deadly weapon or dangerous ordnance and that he either displayed it, brandished it, indicated that he possessed it, or used it in attempting or committing a theft offense. Therefore, *Merriweather* does not apply here. Furthermore, we adopted the *Deem* test for lesser included offenses, which forms the basis for our decision today, in 1988 - well before Evans's 2005 offense. Therefore, applying our holding to Evans does not violate due process.

*Evans*, 911 N.E.2d at 896-97. As correctly explained by the Magistrate, the Ohio Supreme Court's ruling was not unreasonable and therefore does not warrant Habeas relief. *Williams*, 529 U.S. at 409-11.

I**V. Conclusion**

8

For the reasons stated herein, this Court adopts the Magistrate's Report & Recommendation. The Petition for a Writ of Habeas Corpus is denied. Further, the Court denies a Certificate of Appealability.

IT IS SO ORDERED.

                                                S/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE